UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RASHONDA D. GOOCH,           )
                             )
     Plaintiff,              )
                             )
          v.                 )  NO. 3:09-0891
                             )
USHER RAYMOND, IV, et al.,   )  Judge Trauger/Bryant
                             )  **Jury Demand**
     Defendants.             )

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Pending before the Court are motions to dismiss for insufficient service of process filed by two of the individual defendants, Usher Raymond, IV and Jermaine Dupri Mauldin (Docket Entry Nos. 29 and 39). Plaintiff has responded in opposition to both motions (Docket Entry Nos. 53 and 55).

For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiff be granted an appropriate extension of time within which to obtain service of process on these two defendants and, if such service of process is not obtained, that defendants' motions to dismiss be granted.

### Procedural History

Plaintiff Rashonda Gooch, who is proceeding pro se and in forma pauperis, has filed her complaint alleging that defendants have infringed her copyright to the song entitled "Everlasting Love." (Docket Entry No. 1). The Court found that her complaint was not facially frivolous, and instructed the Clerk to send the plaintiff a service packet for each named defendant (Docket Entry No. 5). Plaintiff filed an amended complaint on June 4, 2010,

adding certain new defendants to this case (Docket Entry No. 9). Service of process thereafter was attempted by the U.S. Marshals Service via certified mail.

Defendant Raymond has filed his motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure asserting that plaintiff's attempt to obtain service of process on him is insufficient pursuant to Rule 4(e). According to defendant Raymond's supporting declaration (Docket Entry No. 31), the address of 3996 Pleasantdale Road, Suite 104A, Doraville, Georgia, where service of process was attempted by certified mail, is neither the address of his residence nor an address from which he conducts his primary business. Instead, defendant Raymond states that the address at which service was attempted is an address to which fans of his music may send mail.

Defendant Mauldin has filed a declaration in support of his motion to dismiss (Docket Entry No. 41). In this declaration defendant Mauldin states that Norma Cardenas, who signed the certified mail receipt for the summons and complaint addressed to Mauldin at 1240 Mount Paran Road, Atlanta, Georgia, does not live at that address. In addition, defendant Mauldin states that he has not authorized Ms. Cardenas to accept service on his behalf (Docket Entry No. 41).

In her responses in opposition to defendants' motions to dismiss (Docket Entry Nos. 53 and 55), plaintiff Gooch in substance states that in completing the service packets and providing addresses for service on these two defendants she timely and fully complied with all instructions of the Court.

2

## Analysis

"The party that has attempted service bears the burden of establishing that service was valid." <u>DASFortus Techs., LLC v. Precision Prods. Mfg. Co.</u>, 2009 WL 2406463 at *1 (M.D. Tenn. July 31, 2009). Rule 4(e) of the Federal Rules of Civil Procedure provides the manner in which service of process shall be obtained on an individual defendant. This rule provides that an individual may be served by (1) following state law for serving a summons in state court in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Tennessee state law provides that service upon an individual may be accomplished "by delivering a copy of the summons and complaint to the individual personally . . . or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served." Rule 4.04(1), Tennessee Rules of Civil Procedure.

Service was attempted within the state of Georgia. Under Georgia law, service on a resident defendant may be made by leaving a copy of the summons and complaint "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the

summons and complaint to an agent authorized by appointment or by law to receive service of process." Ga. Code Ann. § 9-11-4(e)(7).

From the record before the Court, it appears that plaintiff has not obtained valid service of process upon either defendant Raymond or defendant Mauldin. It appears that service of process was not accomplished on either defendant personally, nor, in the case of defendant Raymond, was service made at his "dwelling or place of abode." In the case of defendant Mauldin, while it may be that service was attempted at his dwelling or place of abode, it appears that Ms. Cardenas, who signed for the certified mail, neither resided there nor had been authorized by appointment or by law to receive service of process on defendant Mauldin (Docket Entry No. 41).

For the reasons stated above, the undersigned Magistrate Judge finds that plaintiff Gooch has not obtained valid service of process upon defendant Raymond or defendant Mauldin.

The requirement of service of process is "not some mindless technicality," but, rather, is necessary "in order for a federal court to obtain and exercise personal jurisdiction over a defendant." <u>DASFortus Techs., LLC v. Precision Prods. Mfg. Co.</u>, 2009 WL 2406463 (M.D. Tenn. July 31, 2009) (quoting <u>Taylor v. Stanley Works</u>, 2002 U.S. Dist. LEXIS 26892, at *8-9 (E.D. Tenn. July 16, 2002)). However, plaintiff is proceeding <u>pro se</u>, entitling her to a certain degree of leniency. Moreover, courts generally favor resolving issues on their merits rather than upon procedural defaults.

> A plaintiff's *pro se* status entitled him or her to a certain degree of leniency insofar as service of

4

> process is concerned; courts generally favor resolution of a case on its merits rather than on the basis of a procedural technicality. *Poulakis v. Amtrak,* 139 F.R.D. 107, 109 (N.D. Ill. 1991). When a plaintiff proceeds *in forma pauperis*, such as is the case here, the court is obligated to issue the plaintiff's process to the United States Marshal, who must in turn effect service upon the defendants, thereby relieving the plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996). This does not mean, however, that a *pro se* plaintiff may stand idly by upon being notified that efforts by the U.S. Marshals Service to serve a particular defendant have been unsuccessful. *VanDiver v. Martin*, 304 F.Supp. 2d 934, 938-43 (E.D. Mich. 2004). Rather, upon receiving notice that service has not been effectuated it is incumbent upon the plaintiff to develop, through pretrial discovery or otherwise, any additional information necessary to permit service by the United States Marshals Service. *See VanDiver*, 304 F.Supp.2d at 942.

<u>McChesney v. Hogan</u>, 2010 WL 3602660 at *17 (N.D.N.Y. Aug. 17, 2010).

In consideration of the foregoing, the undersigned Magistrate Judge recommends that plaintiff be granted an additional period of time within which to obtain valid service of process upon defendants Raymond and Mauldin. If plaintiff fails within that period to obtain service, the undersigned Magistrate Judge recommends that these defendants' motions to dismiss should be granted and the complaint against them dismissed.

<u>**RECOMMENDATION**</u>

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff be **GRANTED** an additional reasonable period of time within which to obtain valid service upon defendants

5

Raymond and Mauldin. The undersigned Magistrate Judge further **RECOMMENDS** that should plaintiff fail to obtain service of process upon either or both of these defendants within that extended period, that their motions to dismiss for insufficient service of process should be **GRANTED** and the complaint against them **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of November 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge