UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RASHONDA D. GOOCH, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:09-0891 |
| USHER RAYMOND, IV, et al., | ) Judge Trauger/Bryant |
| | ) **Jury Demand** |
| Defendants. | ) |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Pending in this case is defendant So So Def Recordings, Inc.'s motion to dismiss (Docket Entry No. 81). As grounds, this defendant asserts insufficient service of process and failure to serve process within the 120 days required by Federal Rule of Civil Procedure 4(m). Plaintiff has filed her response in opposition (Docket Entry No. 87) and her related "urgent statement for the U.S. Court" (Docket Entry No. 88).

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge **recommends** that defendant So So Def's motion to dismiss be **granted**.

### Procedural History

Plaintiff, who is proceeding pro se and in forma pauperis, filed her original complaint in this case on September 22, 2009 (Docket Entry No. 1). Defendant So So Def Recordings, Inc. was not named as a defendant in the original complaint, but was added as a defendant in an amended complaint filed on June 4,

2010 (Docket Entry No. 9). Although summons for the other defendants were issued on June 24, 2010 (Docket Entry No. 11), a summons for defendant So So Def Recordings was not issued until November 30, 2010. The address for service of this corporate defendant was listed as Jermaine DuPri Mauldin, Registered Agents Legal Services, LLC, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076 (Docket Entry No. 66). The record indicates that a certified mail receipt for this process was signed for by a person identified as "L. Street" on December 6, 2010 (Docket Entry No. 69). The record thereafter indicates that on January 7, 2011, an alias summons was issued to So So Def at 1946 Briarwood Court, Atlanta, Georgia 30329 (Docket Entry No. 74).

On January 10, 2011, defendant So So Def Recordings, through counsel, filed the pending motion to dismiss for insufficient service of process and failure to obtain service within 120 days of filing of the complaint (Docket Entry No. 81). In support of this motion, defendant filed the declaration of Jermaine DuPri Mauldin in which Mr. Mauldin declared himself to be the president and chief executive officer of So So Def Recordings, Inc. Mr. Mauldin in this declaration declares that So So Def has not authorized anyone at Registered Agents Legal Services, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076, to accept service of process on behalf of So So Def (Docket Entry No. 83). The record also contains a return of the alias summons addressed to So So Def Recordings at 1946 Briarwood Court, Atlanta, marked "not

deliverable as addressed – unable to forward." (Docket Entry No. 90). The record thereafter contains a second alias summons for So So Def, issued on February 2, 2011, again addressed to 1946 Briarwood Court, Atlanta, Georgia 30329 (Docket Entry No. 91). The record includes what appear to be two returns on this second alias summons, both of which indicate that service on defendant So So Def Recordings was not successful (Docket Entry Nos. 102 and 105). From the foregoing, it appears that despite multiple attempts, plaintiff Gooch has failed to obtain service of process on defendant So So Def Recordings, Inc.

## **Analysis**

Rule 4(h) of the Federal Rules of Civil Procedure provides that a defendant corporation may be served with process by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or in any manner authorized by state law for serving a defendant corporation in the courts of general jurisdiction in the state where the district court is located. Rule 4.04(4) of the Tennessee Rules of Civil Procedure provides that a defendant corporation may be served by delivering a copy of the summons and of the complaint to an officer or managing agent of the corporation, or to the chief agent in the county wherein the action is brought, or by delivering copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against the defendant unless the court, for good cause shown, extends the time for service for an appropriate additional period.

From the record before the Court, it appears that plaintiff Gooch has made multiple attempts to obtain service of process on defendant So So Def Recordings, Inc. by mail. However, despite these multiple attempts, the record fails to indicate that service of the summons and complaint has been accomplished according to the requirements of Rule 4. Finally, the 120 days within which service is to be accomplished has long since expired.

For the foregoing reasons, the undersigned Magistrate Judge finds that defendant So So Def Recordings, Inc.'s motion to dismiss should be **granted**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant So So Def Recordings, Inc.'s motion to dismiss be **GRANTED** for insufficient service of process, and that the amended complaint against this defendant only be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 20th day of July 2011.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          United States Magistrate Judge