IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RASHONDA D. GOOCH | ) | |
| | ) | |
| v. | ) | No. 3:09-0891 |
| | ) | Judge Trauger/Bryant |
| USHER RAYMOND, IV, et al. | ) | |

**MEMORANDUM AND ORDER**

Pending is defendants' motion to reopen discovery and for additional time to file a reply in support of their motion for summary judgment (Docket Entry No. 143). Defendants by this motion seek permission to take a discovery deposition of plaintiff's recently disclosed expert witness, Michael Kurek, and a 21-day extension of time after this deposition within which to file a reply in support of their motion for summary judgment.

Plaintiff has filed her response in opposition (Docket Entry No. 144).

For the reasons stated below, defendant's motion is **GRANTED.**

ANALYSIS

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed her complaint alleging that defendants have infringed her copyright to a song entitled "Everlasting Love." (Docket Entry No. 1).

On May 12, 2011, defendants served plaintiff with interrogatories seeking the identity and opinions of any expert witness that plaintiff intended to call in this case. (Docket Entry No. 143 at 2). Plaintiff responded that she was seeking a musicologist. (Id.) During plaintiff's discovery deposition in June 2011, she was questioned about the identity of her expert witness. Plaintiff answered that she was consulting with someone and that she would notify defense counsel if she

hired someone on whose opinions she would rely. (Id.)

The deadline for completion of discovery was June 20, 2011 (Docket Entry No. 100 at 2).

After defendants filed their motion for summary judgment, plaintiff on August 3, 2011, filed her response in opposition, supported in part by the declaration of Michael Kurek, a musicologist employed by Vanderbilt University. (Docket Entry No. 140). Apparently, plaintiff had not disclosed Mr. Kurek as an expert witness prior to her filing of his declaration.

Plaintiff in her response asserts (1) that she responded truthfully in her interrogatory responses and deposition when she stated that no expert witness had agreed to testify for her, and (2) Mr. Kurek only committed to testify for her on August 2, the day before she filed his declaration. Plaintiff argues that the June 20, 2011, discovery deadline should not be extended.

The undersigned Magistrate Judge finds that defendants exercised reasonable diligence to discover within the discovery deadline the identity and opinions of any expert witness who will testify for plaintiff. Defendants served timely interrogatories and questioned plaintiff at her deposition. Despite defendants' diligence, they were precluded from discovering Mr. Kurek's identity or opinions within the June 20 discovery deadline because plaintiff had not secured his commitment to testify by this time. The Court finds that if Mr. Kurek is to be allowed to testify, despite his late disclosure, it would be manifestly unfair and prejudicial to defendants to deprive them of the opportunity to take his deposition.

For the foregoing reason, defendants motion is **GRANTED**. The parties shall schedule the deposition of Mr. Kurek as soon as it can conveniently be arranged. Defendants shall have 21 days after this deposition within which to file a reply in support of their motion for summary judgment.

It is so **ORDERED.**

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge