UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RASHONDA D. GOOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:09-cv-00891 |
| USHER RAYMOND, IV, LAFACE RECORDS, ) | |
| ZOMBA LABEL GROUP, JERMAINE DUPRI ) | Judge Aleta A. Trauger |
| MAULDIN, BRYAN MICHAEL COX, ) | Magistrate Judge Bryant |
| SO SO DEF RECORDINGS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's February 27, 2012 Report and Recommendation (Docket No. 224) ("R&R"), which recommends that the defendants' Motion for Summary Judgment (Docket No. 118) be granted, the plaintiff's so-styled "Motion to Dismiss Motion for Summary Judgment" (Docket No. 135) be denied, the plaintiff's Motion for Summary Judgment (Docket No. 189) be denied, the defendants' Motion to Strike the Opinion of Michael Kurek (Docket No. 168) be denied, the plaintiff's Motion to Strike the Opinion of Dan Dixon (Docket No. 190) be denied, and the plaintiff's Motion to Strike the Declaration of Bryan-Michael Cox (Docket No. 191) be denied.

The plaintiff, who is proceeding *pro se*, has filed "Plaintiff's Response to Report and Recommendation Document 234" (Docket No. 228) ("Plaintiff's Objections"), which the court construes as asserting timely objections to the R&R. The defendants filed a Response to the Plaintiff's Objections (Docket No. 231), to which the plaintiff filed a Reply (Docket No. 232).

1

For the reasons stated herein, the objections will be overruled and, subject to a single modification, the R&R will be accepted.

## BACKGROUND

I.  **Procedural History**

On September 22, 2009, the plaintiff, Roshanda Moore (previously Roshanda Gooch) filed a Complaint against Usher Raymond, IV ("Raymond"), LaFace Records LLC ("LaFace Records"), and Zomba Recording LLC ("Zomba Recording"), alleging that the defendants infringed her copyright to a song she authored, titled "Everlasting Love." (Docket No. 1.) The Complaint alleged that the defendants improperly sampled "Everlasting Love" in Usher's 2004 single, "Burn," and Usher's 2008 single, "Here I Stand." On June 4, 2010, before serving any of the defendants with process, the plaintiff filed an Amended Complaint, which named Jermaine Dupri Mauldin ("Mauldin"), Bryan-Michael Cox ("Cox"), So So Def Recordings, Inc. ("SSD Recordings") and Zomba Recording as defendants.[1] (Docket No. 9.) The Amended Complaint alleged that these defendants were liable for copyright infringement for producing and/or profiting from additional songs that purportedly sampled "Everlasting Love," including "Burn," "You Got Me Waitin" (by Fantasia), "Nothing" (by Janet Jackson), and "How to Deal" (by Frankie J).[2]

---

[1]Defendant Zomba Recording LLC was incorrectly identified as "Zomba Label Group" in the Complaint and Amended Complaint. Defendant So So Def Recordings, Inc. was incorrectly identified in the Amended Complaint as "So So Def Recordings." Defendant Bryan-Michael Cox was incorrectly identified in the Amended Complaint as "Bryan Michael Cox." The court has construed the Complaint and Amended Complaint as collectively asserting claims against the defendants named in either pleading.

[2]Unlike the original Complaint, the Amended Complaint does not reference "Here I Stand." Accordingly, the Magistrate Judge interpreted the plaintiff as no longer pursuing a claim

After repeated failures by the plaintiff to properly serve defendant Mauldin, the court granted Mauldin's Motion to Dismiss. (Docket No. 97.) On July 20, 2011, the remaining defendants – Raymond, LaFace Records, Zomba Recording, Cox, and SSD Recordings – filed a Motion for Summary Judgment (Docket No. 118). In the motion, the defendants stated that they had filed a supporting Memorandum of Law, along with declarations from Raymond, Mauldin, Cox (Docket No. 126) ("Cox Declaration"), the defendants' retained expert Dan Dixon (Docket No. 124) ("First Dixon Declaration"), and the defendants' attorney Timothy L. Warnock. In fact, the defendants did not file declarations by Raymond or Mauldin in support of their motion, nor did they reference or otherwise rely on those two (unfiled) declarations in their briefing. When the plaintiff brought this issue to the attention of the parties and the court, the defendants clarified that no affidavits from Raymond and Mauldin actually existed and that references to those affidavits in the motion were made in error. The plaintiff nevertheless continued to demand production of these affidavits[3] and ultimately filed a motion to compel their production, which the court denied. (Docket No. 167.)

The plaintiff filed a "Motion to Dismiss Motion for Summary Judgment" (Docket No. 135), which the Magistrate Judge properly construed as a Response in opposition to the

---

relative to that song. (R&R at p. 3, n.1.) The plaintiff, in her Reply, contends that this was a mistake because she is also pursuing infringement claims concerning "Here I Stand." Even assuming that claims relative to "Here I Stand" remain at issue in this lawsuit, the defendants are still plainly entitled to summary judgment on the merits for the reasons articulated herein.

[3]Even after the defendants clarified the record concerning their Motion for Summary Judgment and reiterated this clarification multiple times (*see* Docket Nos. 155, 160, and 171), the plaintiff continued to demand production of the non-existent Mauldin and Raymond affidavits (Docket Nos. 154, 159, 161, and 165), apparently based on a misunderstanding of the defendants' position.

Defendants' Motion for Summary Judgment. (Docket No. 225) (terminating Docket No. 135 as a "pending motion"). In support of her opposition to the Defendants' Motion for Summary Judgment, the plaintiff filed her own declaration and a declaration by Michael Kurek, a Professor at Vanderbilt University, who purported to offer an expert opinion that it was "not really possible" that similarities between "Everlasting Love" and the songs "Burn," "How to Deal," and "Got Me Waiting" were accidental or coincidental. (Docket No. 140, Declaration of Michael Kurek ("Kurek Declaration")) (attaching written expert report). Because the plaintiff had not previously disclosed Kurek as an expert, the court granted the defendants leave to depose Kurek and additional time to file a reply in support of their Motion for Summary Judgment once that deposition was completed. (Docket No. 147.) Following that deposition, the defendants filed a Motion to Strike Kurek Declaration (Docket No. 168), which argued that Kurek's opinions did not satisfy the standards of Fed. R. Civ. P. 702 and 703.[4]

The plaintiff filed a Motion for Summary Judgment (Docket No. 189), which argued that she had adduced circumstantial evidence of copyright violations by the defendants. The plaintiff did not file any materials in support of this motion. The defendants filed a Response to the Plaintiff's Motion for Summary Judgment (Docket No. 205), which argued that the plaintiff's Motion for Summary Judgment was untimely, did not comply with the requirements of Fed. R. Civ. P. 56, and lacked merit. The plaintiff filed a Reply thereto. (Docket No. 211.)

---

[4]In support of the Motion to Strike Kurek Declaration, the defendants filed the Second Declaration of Dan Dixon, which attached a rebuttal report that critiqued and rebutted Kurek's report. (Docket No. 170.) The defendants also filed a Reply (Docket No. 169), which supported both the defendants' Motion for Summary Judgment and the Motion to Strike Kurek Declaration. The plaintiff filed a Response to the Motion to Strike Kurek Declaration (Docket No. 188).

The plaintiff also filed a Motion to Strike First Dixon Declaration (Docket No. 190), which purports to dispute the reasoning of Dixon's expert opinion, and a Motion to Strike Cox Declaration (Docket No. 191), which purports to dispute the veracity of certain aspects of the Cox Declaration. The defendant filed Responses opposing the motions to strike (Docket Nos. 193 and 194), which argued that Dixon's opinions are relevant and admissible under the federal rules and that the Cox Declaration was accurate and otherwise supported by the factual record. The plaintiff filed Replies thereto. (Docket Nos. 196 and 197.)

Accordingly, in the R&R, the Magistrate Judge considered the following motions: (1) the defendants' Motion for Summary Judgment; (2) the plaintiff's "Motion to Dismiss Motion for Summary Judgment"[5]; (3) the plaintiff's Motion for Summary Judgment; (4) the defendant's Motion to Strike Kurek Declaration; (5) the plaintiff's Motion to Strike First Dixon Declaration; and (6) the plaintiff's Motion to Strike Cox Declaration.

## II. R&R

In the R&R, the Magistrate Judge found that the undisputed facts establish that the plaintiff has not produced any evidence demonstrating that the defendants (or those acting on their behalf) had access to the plaintiff's song before they created the defendants' works, let alone that they copied "Everlasting Love" in any manner. The Magistrate Judge also found that Kurek's opinions do not assist the plaintiff, because Kurek essentially recanted his opinions at deposition when confronted with an older song (*i.e.*, prior art) that utilized a similar melody to

---

[5]At the time, this document was docketed as a "motion." The court ultimately construed it as a Response to the defendants' Motion for Summary Judgment. (Docket No. 225.)

5

"Everlasting Love."[6] Although the Magistrate Judge concluded that the Kurek Declaration fails to demonstrate the existence of a genuine dispute of material fact, the Magistrate Judge concluded that striking the Kurek Declaration was unnecessary. Accordingly, the Magistrate Judge has recommended that summary judgment in the defendants' favor be granted but recommends that, notwithstanding its unreliability, the Motion to Strike Kurek Declaration be denied.

The Magistrate Judge has also recommended that the Plaintiff's Motion for Summary Judgment be denied because it is not supported as required by Fed. R. Civ. P. 56. Finally, the Magistrate Judge found that the Motion to Strike Dixon Declaration and the Motion to Strike Cox Declaration are without merit and, therefore, has recommended that they be denied.

In the Plaintiff's Objections, the plaintiff appears to assert two sets of objections. The first set appears to include another generalized complaint about the defendants' failure to produce declarations from Raymond and Mauldin, which the plaintiff argues unnecessarily "provoked delay" in these proceedings.[7]

---

[6] As the Magistrate Judge stated, the Kurek deposition contains "remarkable testimony" in which Kurek effectively repudiated the opinion expressed in his expert report. (Docket No. 224 at p. 9.) Kurek admitted that, incredibly, he had performed no review of prior art in forming his opinion concerning the originality of "Everlasting Love." Counsel for the defendants then played a passage from a Captain and Tennille song, which, despite being released several decades earlier than "Everlasting Love," utilized the same melody as "Everlasting Love." After hearing this passage, Kurek stated "wow," admitted that the song progression from "Everlasting Love" "could happen coincidentally" and admitted that he could not identify anything in the plaintiff's melody that was original to her, "because someone obviously did it before her and came up with the same thing." (*Id.* (quoting Kurek deposition transcript.)) Kurek then stated that "I can no longer definitively speculate it had to have been derivation." (*Id.*)

[7] The plaintiff also complains that SSD Recordings engaged in dilatory conduct by refusing to provide an Answer until November 9, 2011. On November 8, 2011, the plaintiff had filed a Motion to Compel an Answer from SSD Recordings. (Docket No. 209.) On November

The second set of objections relates to the merits of the Magistrate Judge's decision. The plaintiff argues that the First Dixon Declaration and the Cox Declaration "are invalid and are merely opinion." (Docket No. 228 at p. 2). She argues that the averments in these declarations are contradicted by the fact that she has "wholly and successfully proven both elements of copyright infringement, ownership, and copying" through factual materials "presented to the Court as tangible evidence." (*Id.*) The plaintiff does not appear to dispute the merits of the Magistrate Judge's finding that Kurek's opinions do not support the plaintiff's case, but the plaintiff argues that, even without reference to Kurek's opinions, she has adduced sufficient factual evidence substantiating her position to survive summary judgment. In support of her position, the plaintiff contends that the defendants have admitted that they infringed her copyright in their pleadings and in discovery. The plaintiff cites to certain affirmative defenses asserted by Raymond in his Answer (Docket No. 99), as follows:

> Third Defense: Plaintiff's claim for copyright infringement fails to the extent the elements of the Alleged Infringed Works as purportedly embodied in "Everlasting Love" are neither original nor protectable expression.
>
> . . .
>
> Seventh Defense: Without admitting the use of any copyright material owned by Plaintiff, the conduct of which Plaintiff complains constitutes fair use.
>
> Eighth Defense: Without admitting the use of any copyright material owned by Plaintiff, the alleged use is de minimus.

---

9, 2011, SSD Recordings filed a Response (Docket No. 210), stating that it had filed an Answer on August 22, 2011, which was docketed at Docket Entry No. 146. SSD Recordings' position is correct. Accordingly, the court has closed the pending Motion to Compel by separate order issued contemporaneously herewith. The court finds no delay by SSD Recordings and, in any case, does not interpret the plaintiff's complaint in this regard as objecting to the merits of the Magistrate Judge's decision.

The plaintiff also cites to the following interrogatory response by Raymond:

> 5. How is the conduct of which plaintiff complains constituted as fair use, and how is the use de minimis?
>
> <u>Response</u>: Mr. Raymond denies that he has engaged in any infringing conduct, and asserts that to the extend [sic] Plaintiff can establish such conduct Plaintiff can establish only that an insignificant portion of the allegedly infringed work was used and there was negligible (if any) effect of [sic] the market value of that same work.

(Docket No. 125, Ex. 4, Response to Interrogatory No. 5.) The plaintiff appears to contend that the three referenced affirmative defenses and the interrogatory response by Raymond constitute sufficient evidence to establish a copyright violation by each of the moving defendants.

## **ANALYSIS**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

The plaintiff's generalized recitation of the alleged "delays" in ruling upon the pending motions, which she asserts was occasioned by the defendants' conduct, does not constitute a properly founded objection to the merits of the R&R and, in any case, is without merit. The

record is clear that the defendants did not file or rely upon affidavits from Mauldin and Raymond in support of the Motion for Summary Judgment, a position that the Defendants clarified by August 2011, and on which the court definitively ruled in October 2011. The plaintiff had ample opportunity to address the Motion for Summary Judgment, suffered no prejudice, and, regardless, has not demonstrated why her (unfounded) position would affect the merits of the Magistrate Judge's decision in any respect.

The plaintiff's objections to the substance of the R&R are plainly without merit. Raymond's affirmative defenses do not constitute evidence and, in any case, do not establish any admission of liability for copyright infringement by Raymond or any other moving defendant. Furthermore, although it constitutes evidence, Raymond's interrogatory response does not contain any admission of liability for a copyright violation; indeed, in that response, Raymond expressly states that he denies engaging in any infringing conduct.[8] Thus, the referenced materials do not provide evidence of copyright infringement by the defendants. Accordingly, the plaintiff's references to these materials do not establish any basis to reconsider the Magistrate Judge's findings in any respect. Based on the undisputed facts, the Magistrate Judge properly determined that the defendants are entitled to summary judgment under applicable copyright law and appropriately denied the unfounded Motion to Strike Cox Declaration and Motion to Strike First Dixon Declaration.

The Magistrate Judge also properly determined that the plaintiff's Motion for Summary Judgment does not comply with Fed. R. Civ. P. 56. Regardless, the arguments asserted therein

---

[8]Moreover, Raymond made that response on his own behalf, not on behalf of the other defendants.

are without merit.[9]

The court has identified one modification that must be made to the R&R. The R&R recommends denial of the plaintiff's "Motion to Dismiss Motion for Summary Judgment," which was filed at Docket No. 135. However, the court properly construed that filing as the plaintiff's Response to the Defendants' Motion for Summary Judgment and ordered that the document at Docket No. 135 be terminated as a pending motion. Therefore, that filing no longer constitutes a "motion" on which the court may rule. The R&R will be modified accordingly.

## CONCLUSION

For the reasons expressed herein, the plaintiff's objections to the Report and Recommendation are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ACCEPTED** as **MODIFIED**, and made the findings of fact and conclusions of law of this court. The defendants' Motion for Summary Judgment (Docket No. 118) is **GRANTED**, and all claims against the defendants are hereby **DISMISSED** with prejudice. The plaintiff's Motion for Summary Judgment (Docket No. 189) is **DENIED**. The Defendant's Motion to Strike Kurek Declaration (Docket No. 168) is **DENIED**. The plaintiff's Motion to Strike First Dixon Declaration (Docket No. 190) is **DENIED**. The plaintiff's Motion Strike Cox Declaration is **DENIED**. (Docket No. 191.)

Pursuant to the court's order at Docket No. 225, the document at Docket No. 135 does not constitute a motion and, therefore, does not require a ruling from this court.

---

[9]The record contains undisputed facts, including the plaintiff's own deposition testimony, establishing that the defendants are entitled to summary judgment as a matter of law. Thus, affording the plaintiff an opportunity to re-file her own summary judgment motion in compliance with Rule 56 would not lead to a different result.

10

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 21st day of March, 2012.

_____
ALETA A. TRAUGER
United States District Judge